THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELIO J. LEAL DE LA HOZ,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT CORPORATION,<br><br>Defendant. | CASE NO. C18-0340-JCC<br><br>ORDER |

*Pro se* Plaintiff Helio J. Leal de la Hoz has been granted leave to proceed *in forma pauperis* in this matter (Dkt. No. 1). Plaintiff first filed a complaint against Defendant on September 12, 2017. (Case No. C17-1362-JCC, Dkt. No. 4.) The Court dismissed the complaint without prejudice, finding no basis for subject matter jurisdiction.[1] (Case No. C17-1362-JCC, Dkt. No. 6.) Plaintiff re-filed his complaint on March 6, 2018, addressing the issues raised by the Court in its prior dismissal.[2] (Dkt. No. 5.) Summons has not yet been issued, and the Court

---

[1] The Court issued an order advising Plaintiff of this deficiency and providing an opportunity to amend; Plaintiff failed to respond within the allotted time. (Case No. C17-1362-JCC, Dkt. Nos. 5, 6.)

[2] Plaintiff's newly-filed complaint details why he could not timely respond to the Court's order to show cause. (Dkt. No. 5-1 at 3.) The Court is sympathetic to the limitations Plaintiff faces, but notes that the prior complaint was not dismissed solely because Plaintiff did not meet its 30-day deadline; without amendment, there was no basis for the Court to exercise jurisdiction over the claims.

reviews Plaintiff's filing pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff re-alleges facts asserted in his prior complaint. (*Compare* Case No. C17-1362-JCC, Dkt. No. 4, *with* Case No. C18-0340-JCC, Dkt. No. 5.) He states that he attempted to make a $40 payment on his Sprint bill at a Seattle Sprint location, but when the payment was processed, it was credited to an account not belonging to him. (Dkt. No. 5-1 at 1.) When he brought the mistake to the attention of the store clerk and manager, they refused to correct it or to refund the payment and mistreated him. (*Id*.) Plaintiff's amended complaint adds that this treatment amounted to an attempt to murder him through a "cognitive dissonance attack." (Dkt. No. 5-1 at 5.) He alleges resulting "adrenaline poisoning" and additional harm based on lack of access to a cell phone. (*Id*.) Plaintiff seeks "restitution, payment of damages, and exemplary punishment" totaling $3,004,561,840.00. (Dkt. No. 5-1 at 11.)

As federal courts are courts of limited jurisdiction, a plaintiff must establish that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). At the pleading stage, this burden must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Additionally, the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff has not alleged facts sufficient to support subject matter jurisdiction in this Court. For the Court to have jurisdiction based on diversity, parties must be residents of different states and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Plaintiff has amended his complaint to request an award of $3,004,561,840—a sum that includes $2,00,001,200 in "exemplary punitive damages," $1,000,000,600 in compensatory damages, and

attorney fees for thousands of hours spent litigating his case at an hourly rate of $500. (Dkt. No. 5-1 at 11.)

Plaintiff's claim for $3,000,001,800 in damages is facially frivolous. The facts pled do not support a plausible basis for the amount of compensatory or punitive damages sought. (*See* Dkt. No. 5-2) (Plaintiff requests approximately $1 billion in compensatory damages for "bodily injury on account of potentially lethal adrenaline poisoning . . . [and] assault with intent to commit murder" and property damages for "lost evidence" and inability "to access [an] iCloud drive"); *Neitzke*, 490 U.S. at 325 (a "frivolous" complaint may include "inarguable legal [conclusions]" and "fanciful factual [allegations]"); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process"). Furthermore, Plaintiff's claim for attorney fees is not supported by law. Unless specified by a statute, a *pro se* plaintiff is not entitled to an award of attorney fees. *See Gonzalez v. Kangas*, 814 F.2d 1411, 1411–12 (9th Cir. 1987) (collecting cases finding a *pro se* civil rights litigant is not entitled to attorney fees under 42 U.S.C. § 1983). Plaintiff cites no statute or precedent to suggest he is entitled to such fees.

Finally, Plaintiff's additional amendments fail to cure jurisdictional deficiencies. Plaintiff's allegations that Defendant violated federal and state criminal law do not provide a basis for federal jurisdiction over this civil case. (*See* Dkt. No. 5-1 at 7–9.) Finally, Plaintiff's claim that the United States Government is a defendant in this case is not supported by the record. (Dkt. No. 5-1 at 6.) The complaint does not name the United States as a defendant, nor does Plaintiff put forward any facts stating a claim against the Government. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In its earlier order, the Court gave Plaintiff 30 days to file an amended complaint to fix the above-mentioned deficiencies, but he failed to do so. (Case No. C17-1362-JCC, Dkt. No. 5.) Based on the facts in the record, the Court determines that further amendment will not cure

1  deficiencies in Plaintiff's claims. Therefore, the Court DISMISSES Plaintiff's complaint with
2  prejudice and without leave to amend. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465
3  F.3d 946, 951 (9th Cir. 2006) (a court need not grant leave to amend where amendment would be
4  futile). The Clerk is DIRECTED to close the case.

5  The Clerk shall send a copy of this order to Mr. de la Hoz at 77 S. Washington Street,
6  Seattle, Washington 98104.

7  DATED this 14th day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE